UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

JUAN RAMON ROJAS,

        Petitioner,

v.

BUREAU OF PRISONS,

        Respondent.

Civil No. 04-6149 (JBS)

**OPINION**

**APPEARANCES**:

    JUAN RAMON ROJAS, #22520-038
    F.C.I. Fort Dix
    P.O. Box 2000
    Fort Dix, New Jersey  08640
    Petitioner Pro Se

**SIMANDLE**, District Judge

    Petitioner Juan Ramon Rojas filed a Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2241 challenging the calculation of his good conduct time ("GCT") by the Bureau of Prisons ("BOP").[1]  For the reasons set forth below, the Court dismisses the Petition.

## I.  BACKGROUND

    Petitioner is currently serving a federal sentence of 87 months imposed by the United States District Court for the District of Massachusetts.  According to the BOP, Petitioner is eligible under 18 U.S.C. § 3624(b) to receive 54 days of GCT per year, based on the time he will

---

[1] Petitioner originally filed the case in the United States District Court for the Northern District of Florida.  Hon. Maurice M. Paul, Senior District Judge, transferred the matter to this Court because Petitioner was incarcerated in New Jersey.

actually serve in prison rather than the sentence imposed. See 28 C.F.R. § 523.20. BOP projects Petitioner's release date as July 13, 2005.

## II. DISCUSSION

A. Standard of Review

"Federal courts are authorized to dismiss summarily any habeas petition that appears legally insufficient on its face." McFarland v. Scott, 512 U.S. 849, 856 (1994); United States v. Thomas, 221 F.3d 430, 437 (3d Cir. 2000); Siers v. Ryan, 773 F.2d 37, 45 (3d Cir. 1985), cert. denied, 490 U.S. 1025 (1989). Habeas Rule 4 requires the Court to examine a petition prior to ordering an answer and to summarily dismiss the petition "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." 28 U.S.C. § 2254 Rule 4 (amended Dec. 1, 2004), applicable through Rule 1(b).

B. Jurisdiction

Section 2241 of Title 28 of the United States Code provides in relevant part:

> (c) The writ of habeas corpus shall not extend to a prisoner unless
> – . . . He is in custody in violation of the Constitution or laws or treaties of the United States.

28 U.S.C. § 2241(c)(3).

A federal court has jurisdiction under § 2241(c)(3) if two requirements are satisfied: (1) the petitioner is "in custody" and (2) the custody is "in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3); Maleng v. Cook, 490 U.S. 488, 490 (1989); 1 James S. Liebman & Randy Hertz, Federal Habeas Corpus Practice and Procedure § 8.1 (4th ed. 2001). This Court has subject matter jurisdiction over the Petition because "[s]ection 2241 is the only statute that confers habeas jurisdiction to hear the petition of a federal prisoner

who is challenging not the validity but the execution of his sentence." Coady v. Vaughn, 251 F.3d 480, 485-486 (3d Cir. 2001); Gomori v. Arnold, 533 F.2d 871, 874 (3d Cir. 1976).

C.  The Merits

In his habeas Petition, Petitioner argues that, by calculating his GCT based on the time served, as opposed to the sentence imposed, BOP is depriving him of the opportunity to earn additional GCT, to which he is statutorily entitled under 18 U.S.C. § 3624(b).  Petitioner maintains that § 3624(b) authorizes him to earn 54 days for each year of the sentence imposed and that BOP erred by allowing him to earn only 54 days for each year served.  He seeks a writ of habeas corpus directing BOP to recalculate his GCT based on 54 days per year of the sentence imposed.

This case is governed by the Third Circuit's recent decision in O'Donald v. Johns, 402 F.3d 172 (3d Cir. 2005).  Like Petitioner, O'Donald filed a habeas petition challenging the BOP's calculation of his GCT based on the time actually served, rather than the sentence imposed, arguing that the plain language of 18 U.S.C. § 3624(b) requires BOP to calculate GCT based on the sentence imposed.  The Third Circuit acknowledged that "it is unclear whether the phrase 'term of imprisonment,' as used several times in § 3624(b), refers to the sentence imposed or time served." O'Donald at 174.  The Third Circuit found that BOP's interpretation of the statute is reasonable and, because the statute is ambiguous, the Court deferred to BOB's reasonable interpretation of the statute.  "[W]e agree that the BOP's interpretation comports with the language of the statute, effectuates the statutory design, establishes a 'fair prorating scheme,' enables inmates to calculate the time they must serve with reasonable certainty, and prevents certain inmates from earning GCT for time during which they were not incarcerated." Id.

3

(quoting Pacheco-Camacho v. Hood, 272 F.3d 1266, 1270-71 (9th Cir. 2001)). In light of O'Donald, Petitioner's claim is without merit and this Court will dismiss the Petition.

### III. CONCLUSION

Based on the foregoing, Petitioner is not entitled to relief under 28 U.S.C. § 2241 and the Court will dismiss the Petition.

**s/ Jerome B. Simandle**
JEROME B. SIMANDLE, U.S.D.J.

Dated:     May 2         , 2005